UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH GEORGE, M.D.,

    Plaintiff/Counter-Defendant,

v.                                                  Civil Case No. 16-12749
                                                    Honorable Linda V. Parker

RABEI BDEIR, M.D.,

    Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER GRANTING PARTIES' JOINT MOTION TO SEAL FILE AND DISMISSING CASE WITH PREJUDICE**

This is a dispute between two co-workers.  With the aid of a private facilitator, they entered into a private and confidential settlement agreement.  They now ask the Court to seal the entire case file to avoid prejudice from the allegations they made against each other in their pleadings.

Judicial records are presumptively open to the public.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  The Supreme Court identified several policy considerations public access fosters, as summarized by the Sixth Circuit in *Brown & Williamson Tobacco Co. v. FTC*, 710 F.2d 1165, 1178-79 (6th Cir. 1983).  "First, public trials play an important role as outlets for 'community concern, hostility, and emotions.' " *Id.* at 1178 (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571 (1980)).  "When judicial decisions are known to

be just and when the legal system is moving to vindicate societal wrongs, members of the community are less likely to act as self-appointed law enforcers or vigilantes." *Id*.

"Second, public access provides a check on the courts." *Id*. "Judges know that they will continue to be held responsibly by the public for their rulings." *Id*. Moreover, open access enables the public to analyze and critique court decisions. *Id*. "[P]ublic access provides an element of accountability." *Id*.

Finally, open access to judicial proceedings "promote[s] 'true and accurate fact finding.' " *Id*. (quoting *Richmond Newspapers*, 448 U.S. at 596). A case's publicity may lead to previously unidentified witnesses coming forward with evidence. *Id*. Further, "witnesses in an open trial may be less inclined to perjure themselves. Public access creates a critical audience and hence encourages truthful exposition of facts, an essential function of a trial." *id*.

The presumption of public access is not absolute, however. *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id*. For example, courts have exercised their discretionary power to seal court records "to insure that [those] records are not 'using to gratify private spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case.' " *Id*. (quoting *In re Caswell*, 18

2

R.I. 835, 836, 29 A. 259 (1893)).  Access to court documents also has been limited to avoid those files "serv[ing] as reservoirs of libelous statements for press consumption … or as sources of business information that might harm a litigant's competitive standing[.]" *Id.* (citations omitted).  Courts are "afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (citing *Brown & Williamson*, 710 F.2d at 1189; *In re Kalkin*, 598 F.2d 176, 190-92 (D.C. Cir. 1979); *Ottaway Newspapers, Inc. v. Appeals Court*, 372 Mass. 539, 362 N.E.2d 1189 (1977)).

In light of the parties' settlement, neither the Court nor a jury will ever assess the accusations in the parties' pleadings for their truthfulness.  As such, the Court sees no benefit in the public learning of them.  Moreover, under the circumstances of this case (e.g., an early settlement before the Court made any decisions), leaving the record open to the public will not advance any of the policy considerations generally fostered by the presumption of public access.  To the extent the public has any interest in accessing what the parties alleged in their pleadings, it is outweighed by the parties' interests in having such unchallenged charges remain confidential.

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion to Seal File (ECF No. 13) is **GRANTED**;

**IT IS FURTHER ORDERED** that the record in this matter will be sealed, **except for** text-only entries, the parties' motion, and this Opinion and Order;

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**, without costs or fees to any party, and the matter is **CLOSED**.

                                                         s/ Linda V. Parker
                                                         LINDA V. PARKER
                                                         U.S. DISTRICT JUDGE

Dated: November 16, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 16, 2016, by electronic and/or U.S. First Class mail.

                                                         s/ Richard Loury
                                                         Case Manager